JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-00048 PA (Ex) | Date | January 6, 2021 |
|---|---|---|---|
| Title | Christopher Ortiz v. Geico Casualty Company, Inc. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| G. Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant Geico Casualty Company, Inc. ("Defendant"). (Dkt. No. 1 ("Removal").) Defendant asserts this Court has jurisdiction over the action brought against it by plaintiff Christopher Ortiz ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

     In an effort to establish the Court's diversity jurisdiction, Defendant's Notice of Removal alleges Defendant "is informed and believes that Plaintiff is and was at the commencement of the state court action and at the time of removal a citizen and resident of the County of Los Angeles, State of California, as well as of the United States." (Removal ¶ 13.) As the Notice of Removal alleges, Defendant's support for its allegations concerning Plaintiff's citizenship relies on paragraph 1 of Plaintiff's Complaint. (Id. (citing Exhibit A ¶ 1).) That paragraph of Plaintiff's Complaint alleges only

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 21-00048 PA (Ex) | Date | January 6, 2021 |
|---|---|---|---|
| Title | Christopher Ortiz v. Geico Casualty Company, Inc. | | |

Plaintiff's residence, and does not allege Plaintiff's state of domicile or citizenship. (See Ex. A ¶ 1 ("Plaintiff . . . at all times herein mentioned was, and is, an individual residing in the City of Downey, State of California").) Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

    For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 20NWCV00472, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.